-1-

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No: 3:19-299 |
| v. | |
| ANDREW CHMIEL | PLEA AGREEMENT |

### General Provisions

This PLEA AGREEMENT is made this 29th day of October, 2019, between the United States of America, as represented by United States Attorney SHERRI A. LYDON, Assistant United States Attorneys Jim May and Will Lewis; the Defendant, **ANDREW CHMIEL**, and Defendant's attorneys, Bart Daniel and Jason Jones.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1. The Defendant agrees to waive Indictment and arraignment, and plead guilty to an Information charging, conspiracy to commit health care fraud, a violation of Title 18, United States Code, Section 1347, in violation of Title 18, United States Code, § 1349.

In order to sustain its burden of proof, the Government is required to prove the following:

-2-

Count 1

    A.    the defendant agreed with one or more persons;

    B.    to commit a violation of chapter 63 of Title 18, to wit health care fraud; and

    C.    the defendant did so knowingly.

The penalty for this offense is: up to 10 years in prison, a fine of up to $250,000, supervised release of up to 3 years, and a special assessment of $100.

2. The Defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 USC § 3613. The Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the government from seeking to enforce the judgment against other assets of the defendant at any time, as provided in 18 USC §§ 3612, 3613 and 3664(m). The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Repayment Program if sentenced to a term of incarceration with an unsatisfied monetary penalty.

-3-

The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

A.  Special Assessment: Pursuant to 18 U.S.C. §3013, the Defendant must pay a special assessment of $100.00 for each felony count for which he is convicted. This special assessment must be paid at or before the time of the guilty plea hearing, or during participation in the Bureau of Prisons Inmate Financial Repayment Program if this plea results in incarceration.

B.  Restitution: The Defendant agrees to make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the Court at the time of sentencing, which amount is not limited to the count(s) to which the Defendant pled guilty, but will include restitution to each and every identifiable victim who may have been harmed by his scheme or pattern of criminal activity, pursuant to 18 U.S.C. § 3663. The Defendant agrees to cooperate fully with the Government in identifying all victims.

-4-

    C.    Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

3. Provided the Defendant complies with all the terms of this Agreement, the United States agrees to move to dismiss the underlying Indictment at sentencing. The Defendant understands that the Court may consider these dismissed counts as relevant conduct pursuant to §1B1.3 of the United States Sentencing Guidelines.

4. The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with any bond executed in this case. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his plea of guilty to the offense(s) enumerated herein.

### Cooperation and Forfeiture

5. The Defendant agrees to be fully truthful and forthright with federal, state and local law enforcement agencies by providing full, complete and truthful information about all

-5-

criminal activities about which he has knowledge. The Defendant must provide full, complete and truthful debriefings about these unlawful activities and must fully disclose and provide truthful information to the Government including any books, papers, or documents or any other items of evidentiary value to the investigation. The Defendant must also testify fully and truthfully before any grand juries and at any trials or other proceedings if called upon to do so by the Government, subject to prosecution for perjury for not testifying truthfully. The failure of the Defendant to be fully truthful and forthright at any stage will, at the sole election of the Government, cause the obligations of the Government within this Agreement to become null and void. Further, it is expressly agreed that if the obligations of the Government within this Agreement become null and void due to the lack of truthfulness on the part of the Defendant, the Defendant understands that:

    A.    the Defendant will not be permitted to withdraw his plea of guilty to the offenses described above;

    B.    all additional charges known to the Government may be filed in the appropriate district;

-6-

  C. the Government will argue for a maximum sentence for the offense to which the Defendant has pleaded guilty; and

  D. the Government will use any and all information and testimony provided by the Defendant pursuant to this Agreement, or any prior proffer agreements, in the prosecution of the Defendant of all charges.

6. The Defendant agrees to submit to such polygraph examinations as may be requested by the Government and agrees that any such examinations shall be performed by a polygraph examiner selected by the Government. Defendant further agrees that his refusal to take or his failure to pass any such polygraph examination to the Government's satisfaction will result, at the Government's sole discretion, in the obligations of the Government within the Agreement becoming null and void.

7. The Government agrees that any self-incriminating information provided by the Defendant as a result of the cooperation required by the terms of this Agreement, although available to the Court, will not be used against the Defendant in determining the Defendant's applicable guideline range for sentencing pursuant to the U.S. Sentencing Commission Guidelines. The provisions of this paragraph shall not be applied to restrict any such information:

-7-

    A. known to the Government prior to the date of this Agreement;

    B. concerning the existence of prior convictions and sentences;

    C. in a prosecution for perjury or giving a false statement;

    D. in the event the Defendant breaches any of the terms of the Plea Agreement; or

    E. used to rebut any evidence or arguments offered by or on behalf of the Defendant (including arguments made or issues raised *sua sponte* by the District Court) at any stage of the criminal prosecution (including bail, trial, and sentencing).

8. Provided the Defendant cooperates pursuant to the provisions of this Plea Agreement, and that cooperation is deemed by the Government as providing substantial assistance in the investigation or prosecution of another person, the Government agrees to move the Court for a downward departure or reduction of sentence pursuant to United States Sentencing Guidelines §5K1.1, Title 18, United States Code, § 3553(e) or Federal Rule of Criminal Procedure 35(b). Any such motion by the Government is not binding upon the Court, and should the

-8-

Court deny the motion, the Defendant will have no right to withdraw his plea.

9. The Defendant agrees to voluntarily surrender to, and not to contest the forfeiture of, any and all assets and property, or portions thereof, which are subject to forfeiture pursuant to any provision of law, including but not limited to, property in the possession or control of the Defendant or Defendant's nominees. Specifically, the defendant agrees to voluntarily surrender and not contest the forfeiture of property identified in the Information, and any forfeiture Bill of Particulars, and a money judgment in an amount to be determined by the Court at sentencing, representing the gross proceeds of the offense(s) of conviction.

Following the entry of this plea agreement, defendant agrees to the Court's prompt entry of a Preliminary Order of Forfeiture incorporating a money judgment as mandated by Fed.R.Crim.P. 32.2, which shall in any event, be submitted for entry before sentencing. Defendant acknowledges that he understands that the entry of a forfeiture money judgment is part of the sentence that will be imposed in this case, and waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J) or otherwise, at any time his guilty plea is accepted.

-9-

Attachment A lists all real, personal, other property and assets to be forfeited pursuant to this agreement.

With regard to each and every asset listed in the Information or seized in a related investigation or administrative, state, or local action, the Defendant stipulates and agrees:

> The Defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The Defendant also hereby agrees to waive all constitutional, statutory and procedural challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

> To its forfeiture herein, if necessary as substitute property under 21 U.S.C. § 853(p), as made applicable by 18 U.S.C. § 982(b)(1) or any other statute, or in a separate administrative or civil judicial proceeding.

> That the Defendant has or had a possessory interest or other legal interest in each item or property.

> To assist the United States in the recovery of all assets by (i) taking whatever steps are necessary or requested by the United States to pass clear title to the United States; (ii) preventing the disbursement of any moneys and sale of any property or assets; (iii) not encumbering or transferring any real estate after the Defendant's signing of this Plea Agreement; and (iv) directing all financial institutions to turn over and surrender to the United

-10-

States all funds and records regarding accounts listed in any document signed by the Defendant pursuant to this plea agreement, as criminal proceeds or substitute property.

The Defendant waives all rights to notice of forfeiture under Rule 32.2 and of any other action or proceeding regarding such assets. The Defendant consents and waives all rights to compliance by the United States with any applicable deadlines under 18 U.S.C. § 983(a). Any related administrative claim filed by the Defendant is hereby withdrawn.

Pursuant to Rule 32.2(b)(4), the Defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the Defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the Defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

If the United States discovers that the Defendant has not fully disclosed all assets, the United States may seek forfeiture of any subsequently-discovered assets, and the Defendant agrees to the immediate forfeiture of any such assets.

The Defendant further agrees to make a full and complete disclosure of all assets over which Defendant exercises control and those which are held or controlled by nominees. The Defendant agrees that Federal Rule of Criminal Procedure 11 and U.S.S.G. § 1B1.8 will not protect from forfeiture, assets disclosed by the Defendant as part of his cooperation. The Defendant further agrees to submit to a polygraph examination on the issue of assets if it is deemed necessary by the United States.

The Defendant agrees to waive any double jeopardy claims the Defendant may have as a result of a forfeiture proceeding against any of these properties as provided for by this Plea Agreement and agrees to waive any claims that

-11-

the forfeiture described herein constitutes an excessive fine.

Forfeiture of the Defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the Defendant in addition to forfeiture. The United States may use the value of forfeited property for restitution, but is not required to do so.

The assets to be forfeited specifically include, but are not limited to, a money judgment representing the amount of gross proceeds of the offense(s) of conviction.

The Defendant agrees that the United States shall, at its option, be entitled to the forfeiture of any property (substitute assets) of the Defendant up to the value of the money judgment. The Court shall retain jurisdiction to settle any disputes arising from application of this clause. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the Defendant's sentence.

The Defendant agrees to take all steps necessary to identify and locate all substitute assets and to transfer custody of such assets to the United States before the Defendant's sentencing. The Defendant agrees to take all steps necessary to assist the government in obtaining clear title to any substitute assets before the Defendant's sentencing. In addition to providing full and complete information about substitute assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

### Merger and Other Provisions

10. Defendant has agreed to enter pleas on behalf of corporate defendants Advantage Orthopedic Systems, Inc., DO Delivery, a/k/a "Doctor Order Delivery", and Pain Center LLC. For the

-12-

corporate defendants remaining in the Indictment, Defendant hereby agrees to relinquish control of the affairs of those businesses, and to abandon any ability or right to conduct future business in connection with those businesses.

11. The Defendant represents to the court that he has met with his attorneys on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorneys and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his attorneys have discussed possible defenses, if any, to the charges in the Information including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the government's witnesses, the Defendant's right to testify in his own behalf, or to remain silent and have no adverse inferences drawn from his silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this

-13-

Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

12. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that affect the defendant's sentence. This agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the Government in its comments in or responses to any post-sentencing matters.

13. The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom

-14-

of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

14. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

10-29-19
Date

_____
ANDREW CHMIEL, DEFENDANT

10/29/19
DATE

_____
BART DANIEL
ATTORNEY FOR THE DEFENDANT

10/29/2019
DATE

_____
JASON JONES
ATTORNEY FOR THE DEFENDANT

SHERRI A. LYDON
UNITED STATES ATTORNEY

10-29-2019
Date

_____
JIM MAY AND WILL LEWIS (#11355)
ASSISTANT UNITED STATES ATTORNEYS

-15-

# U. S. DEPARTMENT OF JUSTICE
## Statement of Special Assessment Amount

This statement reflects your special assessment only. There may be other penalties imposed at sentencing. <u>This Special Assessment is due and payable at the time of the execution of the plea agreement</u>.

| ACCOUNT INFORMATION | |
| --- | --- |
| CRIM. ACTION NO.: | 3:19-299 |
| DEFENDANT'S NAME: | ANDREW CHMIEL |
| PAY THIS AMOUNT: | $100.00 |
| PAYMENT DUE ON OR BEFORE: | (date plea agreement signed) |

MAKE CHECK OR MONEY ORDER PAYABLE TO:
*CLERK, U.S. DISTRICT COURT*

PAYMENT SHOULD BE SENT TO:
Clerk, U.S. District Court
Matthew J. Perry, Jr. Courthouse
901 Richland Street
Columbia, SC 29201

OR HAND DELIVERED TO:
Clerk's Office
Matthew J. Perry, Jr. Courthouse
901 Richland Street
Columbia, SC 29201  (Mon. – Fri. 8:30 a.m.– 4:30 p.m.)

*INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER  (Do Not send cash)*

*ENCLOSE THIS COUPON TO INSURE PROPER and PROMPT APPLICATION OF PAYMENT*

Attachment A

| Asset Type | Nature of Asset (Business/Personal) | Bank / Where Held | Account Number | Amount to be Forfeited | Amount Seized |
|---|---|---|---|---|---|
| Bank Account | Business Account (Advantage Orthopedic Systems) | Wells Fargo | | N/A | $ 68,840.16 |
| Bank Account | Business (AR Management Group LLC) | Wells Fargo | | $ 43,798.87 | N/A |
| Bank Account | Business (B&L Medical Supply) | Wells Fargo | | N/A | $ 111,831.24 |
| Bank Account | Business (B&L Medical Supply) | Columbia Bank | | N/A | N/A |
| Bank Account | Business (D2 Medical) | Wells Fargo | | N/A | $ 115,122.63 |
| Bank Account | Business (D2 Medical) | Bank of Travelers Rest | | $ 200.00 | N/A |
| Bank Account | Business (DO Delivery) | Wells Fargo | | $ 63,321.99 | N/A |
| Bank Account | Business (Homerun Holdings) | Wells Fargo | | N/A | $ 195,022.17 |
| Bank Account | Business (In-Home Senior Care) | Wells Fargo | | N/A | $ 233,965.92 |
| Bank Account | Business (In-Home Senior Care) | Bank of Travelers Rest | | N/A | $ 636,424.52 |
| Bank Account | Business (Jacmart Medical) | Wells Fargo | | N/A | $ 713,174.89 |
| Bank Account | Business (Lyfelite) | Wells Fargo | | N/A | N/A |
| Bank Account | Business (Pain Center) | Wells Fargo | | N/A | $ 194,341.32 |
| Bank Account | Business (Life Source Medical) | BB&T | | N/A | N/A |
| Bank Account | Business (Magnolia Medical) | Bancorp South | | N/A | $ 274,049.79 |
| Bank Account | Business (Triana Medical) | CalBank Trust | | $ 105,552.82 | N/A |
| Bank Account | Business (Family Medical) | Wells Fargo | | N/A | N/A |
| Bank Account | Business (Family Medical) | FL Comm Bank | | N/A | N/A |
| Bank Account | Business (Bentley Medical) | Wells Fargo | | N/A | $ 3,363,641.30 |
| Bank Account | Business (Bentley Medical) | Wells Fargo | | N/A | $ 1,335,370.76 |
| Bank Account | Personal (Trading Account) | CMA-Edge | | $ 5,005.82 | N/A |
| Bank Account | Personal (Checking Account) | NFCU | | N/A | $ 1,560.47 |
| Bank Account | Personal (Checking Account) | USAA | | $ 77,665.05 | N/A |
| Bank Account | Personal (Checking Account) | South Atlantic | | $ 1,183.32 | N/A |
| Bank Account | Personal (Money Market Account) | South Atlantic | | $ 2,699.76 | N/A |
| Bank Account | Personal (Retirement) | | | $ 52,845.68 | N/A |
| Bank Account | Personal | Mass Mutual | | $ 285,000.00 | N/A |
| Bank Account | Personal (Checking Account) | Wells Fargo | | N/A | $ 2,608,917.17 |
| Bank Account | Personal (Jumbo Money Market Account) | NFCU | | N/A | $ 2,945,058.23 |

| Asset Type | Nature of Asset (Business/Personal) | Address | City | Date of Purchase | Value |
|---|---|---|---|---|---|
| Real Estate | Business (Office) | 1051 Johnie Dodds | Mt Pleasant | January 2019 | $ 425,000.00 |
| Real Estate | Personal (Residence) | 696 Hobcaw Bluff Dr | Mt Pleasant | September 2017 | $ 1,600,000.00 |
| Real Estate | Personal (Cabin) | 566 Windy River Ridge | Burnsville | January 2018 | $ 1,250,000.00 |

| Asset Type | Type | Model Year | Model | | |
|---|---|---|---|---|---|
| Automobile | SUV | 2016 | G550 | | $ 105,000.00 |
| Automobile | Golf cart | 2018 | E4LE | | $ 11,995.00 |
| Inventory | Business Inventory (Jacmart Medical) | | | | $ 1,220,000.00 |
| Property | Investment (Sport Horses) | | | | $ 100,000.00 |
| Watercraft | Boat | 2019 | SXF 235 | | $ 115,500.00 |
| Automobile | Sports car | 2005 | F430 | | $ 170,400.00 |
| Machinery | Forklift | | | | $ 10,000.00 |
| Held Funds | Loan repayment held by District Court | | | | $ 500,000.00 |

Forfeiture Amount     $ 19,287,858.87