-1-

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>**ADVANTAGE ORTHOPEDIC SYSTEMS, INC.**<br>**DO DELIVERY**<br>  a/k/a "Doctor Order Delivery"<br>**PAIN CENTER, LLC** | Criminal No: 3:19-299<br><br><br>**PLEA AGREEMENT** |

## General Provisions

This PLEA AGREEMENT is made this 29th day of October, 2019, between the United States of America, as represented by United States Attorney SHERRI A. LYDON, Assistant United States Attorneys Jim May and Will Lewis; the Defendants, **ADVANTAGE ORTHOPEDIC SYSTEMS, INC.; DO DELIVERY, a/k/a "Doctor Order Delivery;" PAIN CENTER, LLC,** and Defendants' attorneys, Bart Daniel and Jason Jones.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1.   The Defendants agree to plead guilty to Count 1 of the Indictment now pending, which charges "conspiracy to commit violations of the Anti-Kickback Statute and health care fraud," a violation of Title 18, United States Code, § 371.

-2-

In order to sustain its burden of proof, the Government is required to prove the following:

### Count 1

A.     there was an agreement between two or more persons;

B.     to do something the law violates, to wit violate the Anti-Kickback Statute and health care fraud;

C.     and it was done knowingly.

The penalty for this offense is:

as applicable to each corporation, a fine up to $500,000.

2.     The Defendants understand and agree that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 USC § 3613. The Defendants also understand that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the government from seeking to enforce the judgment against other assets of the defendants at any time, as provided in 18 USC §§ 3612, 3613 and 3664(m). The Defendants further agree to enter into the Bureau of Prisons Inmate Financial Repayment Program if sentenced to a

-3-

term of incarceration with an unsatisfied monetary penalty. The Defendants further understand that any monetary penalty imposed is not dischargeable in bankruptcy.

A. Special Assessment: Pursuant to 18 U.S.C. §3013, the Defendants must pay a special assessment of $100.00 for each felony count for which they are convicted. This special assessment must be paid at or before the time of the guilty plea hearing, or during participation in the Bureau of Prisons Inmate Financial Repayment Program if this plea results in incarceration.

B. Restitution: The Defendants agree to make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the Court at the time of sentencing, which amount is not limited to the count(s) to which the Defendants pled guilty, but will include restitution to each and every identifiable victim who may have been harmed by their scheme or pattern of criminal activity, pursuant to 18 U.S.C. § 3663. The Defendants agree to cooperate fully with the Government in identifying all victims.

-4-

C.   Fines: The Defendants understand that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

3.   Provided the Defendants comply with all the terms of this Agreement, the United States agree to move to dismiss the remaining counts of the Indictment [and any other indictments under this number] at sentencing. The Defendants understands that the Court may consider these dismissed counts as relevant conduct pursuant to §1B1.3 of the United States Sentencing Guidelines.

4.   The Defendants understand that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendants' abiding by federal and state laws and complying with any bond executed in this case. In the event that the Defendants fail to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendants will not have any right to withdraw their plea of guilty to the offense(s) enumerated herein.

## Cooperation and Forfeiture

5.   The Defendants(s) agree to voluntarily surrender to, and not to contest the forfeiture of, any and all assets and property,

-5-

or portions thereof, which are subject to forfeiture pursuant to any provision of law, including but not limited to, property in the possession or control of the Defendants or Defendants' nominees. Specifically, the defendants agree to voluntarily surrender and not contest the forfeiture of property identified in Attachment A, and any forfeiture Bill of Particulars, and a money judgment in an amount to be determined by the Court at sentencing, representing the gross proceeds of the offense(s) of conviction.

Following the entry of this plea agreement, defendants agree to the Court's prompt entry of a Preliminary Order of Forfeiture incorporating a money judgment as mandated by Fed.R.Crim.P. 32.2, which shall in any event, be submitted for entry before sentencing.  Defendants acknowledge that they understand that the entry of a forfeiture money judgment is part of the sentence that will be imposed in this case, and waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J) or otherwise, at any time his guilty plea is accepted.

Attachment A lists all real, personal, other property and assets to be forfeited pursuant to this agreement. With regard to each and every asset listed in Attachment A, the Defendants stipulate and agree:

-6-

The Defendants agree and consent to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The Defendants also hereby agree to waive all constitutional, statutory and procedural challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

To its forfeiture herein, if necessary as substitute property under 21 U.S.C. § 853(p), as made applicable by 18 U.S.C. § 982(b)(1) or any other statute, or in a separate administrative or civil judicial proceeding.

That the Defendants have or had a possessory interest or other legal interest in each item or property.

To assist the United States in the recovery of all assets by (i) taking whatever steps are necessary or requested by the United States to pass clear title to the United States; (ii) preventing the disbursement of any moneys and sale of any property or assets; (iii) not encumbering or transferring any real estate after the Defendants' signing of this Plea Agreement; and (iv) directing all financial institutions to turn over and surrender to the United States all funds and records regarding accounts listed in any document signed by the Defendants pursuant to this plea agreement, as criminal proceeds or substitute property.

The Defendants waive all rights to notice of forfeiture under Rule 32.2 and of any other action or proceeding regarding such assets. The Defendants consent and waive all rights to compliance by the United States with any applicable deadlines under 18 U.S.C. § 983(a). Any related administrative claim filed by the Defendants is hereby withdrawn.

-7-

Pursuant to Rule 32.2(b)(4), the Defendants agree that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the Defendants at the time it is entered. In the event the forfeiture is omitted from the judgment, the Defendants agree that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

If the United States discovers that the Defendants have not fully disclosed all assets, the United States may seek forfeiture of any subsequently-discovered assets, and the Defendants agree to the immediate forfeiture of any such assets.

The Defendants further agree to make a full and complete disclosure of all assets over which Defendants exercises control and those which are held or controlled by nominees. The Defendants agree that Federal Rule of Criminal Procedure 11 and U.S.S.G. § 1B1.8 will not protect from forfeiture, assets disclosed by the Defendants as part of his cooperation. The Defendants further agree to submit to a polygraph examination on the issue of assets if it is deemed necessary by the United States.

The Defendants agree to waive any double jeopardy claims the Defendants may have as a result of a forfeiture proceeding against any of these properties as provided for by this Plea Agreement and agree to waive any claims that the forfeiture described herein constitutes an excessive fine.

Forfeiture of the Defendants' assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the Defendants in addition to forfeiture. The United States may use the value of forfeited property for restitution, but is not required to do so.

-8-

The assets to be forfeited specifically include, but are not limited to, a money judgment representing the amount of gross proceeds of the offense(s) of conviction.

The Defendants agree that the United States shall, at its option, be entitled to the forfeiture of any property (substitute assets) of the Defendants up to the value of the money judgment. The Court shall retain jurisdiction to settle any disputes arising from application of this clause. The defendant agree that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the Defendants' sentence.

The Defendants agree to take all steps necessary to identify and locate all substitute assets and to transfer custody of such assets to the United States before the Defendants' sentencing. The Defendants agree to take all steps necessary to assist the government in obtaining clear title to any substitute assets before the Defendants' sentencing. In addition to providing full and complete information about substitute assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

## Merger and Other Provisions

6.  The Defendants represent to the court that they have met with their attorneys on a sufficient number of occasions and for a sufficient period of time to discuss the Defendants' case and receive advice; that the Defendants have been truthful with their attorneys and related all information of which the Defendants is aware pertaining to the case; that the Defendants and their attorneys have discussed possible defenses, if any, to the charges in the Indictment including

-9-

the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendants' right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendants' behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the government's witnesses, the Defendants' right to testify in their own behalf, or to remain silent and have no adverse inferences drawn from their silence; and that the Defendants, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendants' free and voluntary choice, and not as a result of pressure or intimidation by any person.

7. The Defendants is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendants, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of

-10-

ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that affect the defendant's sentence. This agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the Government in its comments in or responses to any post-sentencing matters.

8. The Defendants waive all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

9. The Defendants understand that, upon sentencing, the District of South Carolina will report their conviction to the Department of Justice's Bureau of Justice Assistance pursuant to 10 U.S.C. § 2408 for inclusion in the Defense Procurement Fraud Debarment Clearinghouse database and the System for Award Management of the General Services Administration. The Defendants understands that 10 U.S.C. § 2408 provides for a mandatory term of debarment of at least five years, which term may only be waived if the Secretary of Defense determines a waiver is in the interests of national security. The

-11-

Defendants understands that they also may be subject to administrative action by other federal or state agencies, based upon the conviction resulting from this Plea Agreement and upon grounds other than 10 U.S.C. § 2408, and that this Plea Agreement in no way controls whatever action, if any, other agencies may take. The defendants nevertheless affirm that they want to plead guilty regardless of the debarment or administrative action consequences of their plea. Therefore, the Defendants waive any and all challenges to their guilty plea and to their sentence based on the debarment or administrative action consequences of their plea, and agree not to seek to withdraw their guilty plea, or to file a direct appeal or any kind of collateral attack challenging their guilty plea, conviction, or sentence based on such consequences of their guilty plea. However, the District of South Carolina agree that, if requested, it will advise the appropriate officials of any governmental agency considering such administrative action of the fact, manner, and extent of any cooperation of the Defendants as a matter for that agency to consider before determining what administrative action, if any, to take.

10. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement

-12-

supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendants tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.


10-29-19
_____
Date

_____
ANDREW CHMIEL for

ADVANTAGE ORTHOPEDIC SYSTEMS, INC.
DO DELIVERY
   a/k/a "Doctor Order Delivery"
PAIN CENTER, LLC,

DEFENDANTS


10/29/19
_____
DATE

_____
BART DANIEL
ATTORNEY FOR THE DEFENDANT


10/29/2019
_____
DATE

_____
JASON JONES
ATTORNEY FOR THE DEFENDANT


SHERRI A. LYDON
UNITED STATES ATTORNEY

10-29-2019
_____
Date

_____
JIM MAY AND WILL LEWIS (#11355)
ASSISTANT UNITED STATES ATTORNEY

-13-

# U. S. DEPARTMENT OF JUSTICE
## Statement of Special Assessment Amount

This statement reflects your special assessment only. There may be other penalties imposed at sentencing. This Special Assessment is due and payable at the time of the execution of the plea agreement.

| ACCOUNT INFORMATION | |
|---|---|
| CRIM. ACTION NO.: | 3:19-299 |
| DEFENDANT'S NAME: | ADVANTAGE ORTHOPEDIC SYSTEMS, INC. DO DELIVERY a/k/a "Doctor Order Delivery" PAIN CENTER, LLC |
| PAY THIS AMOUNT: | $300.00 |
| PAYMENT DUE ON OR BEFORE: | (date plea agreement signed) |

MAKE CHECK OR MONEY ORDER PAYABLE TO:
*CLERK, U.S. DISTRICT COURT*

PAYMENT SHOULD BE SENT TO:
Clerk, U.S. District Court
Matthew J. Perry, Jr. Courthouse
901 Richland Street
Columbia, SC 29201

OR HAND DELIVERED TO:
Clerk's Office

-14-

**Matthew J. Perry, Jr. Courthouse**
**901 Richland Street**
**Columbia, SC 29201**  (Mon. – Fri. 8:30 a.m.– 4:30 p.m.)

*INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER  (Do Not send cash)*

*ENCLOSE THIS COUPON TO INSURE PROPER and PROMPT APPLICATION OF PAYMENT*

| Asset Type | Nature of Asset (Business/Personal) | Bank / Where Held | Account Number | Amount to be Forfeited | Amount Seized |
|---|---|---|---|---|---|
| Bank Account | Business Account (Advantage Orthopedic Systems) | Wells Fargo | | N/A | $ 68,840.16 |
| Bank Account | Business (AR Management Group LLC) | Wells Fargo | | $ 43,798.87 | N/A |
| Bank Account | Business (B&L Medical Supply) | Wells Fargo | | N/A | $ 111,831.24 |
| Bank Account | Business (B&L Medical Supply) | Columbia Bank | | N/A | N/A |
| Bank Account | Business (D2 Medical) | Wells Fargo | | N/A | $ 115,122.63 |
| Bank Account | Business (D2 Medical) | Bank of Travelers Rest | | $ 200.00 | N/A |
| Bank Account | Business (DO Delivery) | Wells Fargo | | $ 63,321.99 | N/A |
| Bank Account | Business (Homerun Holdings) | Wells Fargo | | N/A | $ 195,022.17 |
| Bank Account | Business (In-Home Senior Care) | Wells Fargo | | N/A | $ 233,965.92 |
| Bank Account | Business (In-Home Senior Care) | Bank of Travelers Rest | | N/A | $ 636,424.52 |
| Bank Account | Business (Jacmart Medical) | Wells Fargo | | N/A | $ 713,174.89 |
| Bank Account | Business (Lyfelite) | Wells Fargo | | N/A | N/A |
| Bank Account | Business (Pain Center) | Wells Fargo | | N/A | $ 194,341.32 |
| Bank Account | Business (Life Source Medical) | BB&T | | N/A | N/A |
| Bank Account | Business (Magnolia Medical) | Bancorp South | | N/A | $ 274,049.79 |
| Bank Account | Business (Triana Medical) | CalBank Trust | | $ 105,552.82 | N/A |
| Bank Account | Business (Family Medical) | Wells Fargo | | N/A | N/A |
| Bank Account | Business (Family Medical) | FL Comm Bank | | N/A | N/A |
| Bank Account | Business (Bentley Medical) | Wells Fargo | | N/A | $ 3,363,641.30 |
| Bank Account | Business (Bentley Medical) | Wells Fargo | | N/A | $ 1,335,370.76 |
| Bank Account | Personal (Trading Account) | CMA-Edge | | $ 5,005.82 | N/A |
| Bank Account | Personal (Checking Account) | NFCU | | N/A | $ 1,560.47 |
| Bank Account | Personal (Checking Account) | USAA | | $ 77,665.05 | N/A |
| Bank Account | Personal (Checking Account) | South Atlantic | | $ 1,183.32 | N/A |
| Bank Account | Personal (Money Market Account) | South Atlantic | | $ 2,699.76 | N/A |
| Bank Account | Personal (Retirement) | | | $ 52,845.68 | N/A |
| Bank Account | Personal | Mass Mutual | | $ 285,000.00 | N/A |
| Bank Account | Personal (Checking Account) | Wells Fargo | | N/A | $ 2,608,917.17 |
| Bank Account | Personal (Jumbo Money Market Account) | NFCU | | N/A | $ 2,945,058.23 |

| Asset Type | Nature of Asset (Business/Personal) | Address | City | Date of Purchase | Value |
|---|---|---|---|---|---|
| Real Estate | Business (Office) | 1051 Johnie Dodds | Mt Pleasant | January 2019 | $ 425,000.00 |
| Real Estate | Personal (Residence) | 696 Hobcaw Bluff Dr | Mt Pleasant | September 2017 | $ 1,600,000.00 |
| Real Estate | Personal (Cabin) | 566 Windy River Ridge | Burnsville | January 2018 | $ 1,250,000.00 |

| Asset Type | Type | Model Year | Model | | |
|---|---|---|---|---|---|
| Automobile | SUV | 2016 | G550 | | $ 105,000.00 |
| Automobile | Golf cart | 2018 | E4LE | | $ 11,995.00 |
| Inventory | Business Inventory (Jacmart Medical) | | | | $ 1,220,000.00 |
| Property | Investment (Sport Horses) | | | | $ 100,000.00 |
| Watercraft | Boat | 2019 | SXF 235 | | $ 115,500.00 |
| Automobile | Sports car | 2005 | F430 | | $ 170,400.00 |
| Machinery | Forklift | | | | $ 10,000.00 |
| Held Funds | Loan repayment held by District Court | | | | $ 500,000.00 |

**Forfeiture Amount**    $    19,287,858.87