**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL ACTION NO.: 3:19-cr-00299-JFA |
| | ) |
| v. | ) |
| | ) |
| ANDREW CHMIEL | ) |
| ADVANTAGE ORTHOPEDIC | ) |
| SYSTEMS, INC. | ) |
| DO DELIVERY | ) |
|    a/k/a "Doctor Order Delivery" | ) |
| PAIN CENTER, LLC | ) |

**MOTION FOR INTERLOCUTORY SALE OF PERSONAL PROPERTY**

NOW COMES the United States of America, by and through Anne Hunter Young, its undersigned Assistant United States Attorney, and moves the court for an order authorizing the immediate interlocutory sale of property subject to final forfeiture in this criminal case.

BACKGROUND

The government requests that this court authorize the immediate sale of the below-listed vehicles, which were seized in connection with this case:

<u>Vehicles</u>:

(a)  2005 Ferrari 430 Spyder
     VIN: ZFFEW59A250144753
     Asset ID: 19-FBI-004437

(b)  2016 Mercedes
     VIN: WDCYC3KF8GX251261
     Asset ID: 19-FBI-004439

(c)  2018 Tomb Emerge E 4LE
     VIN: 4C9TE4836JF407168
     Asset ID: 19-FBI-004441

The vehicles are causing the government to incur considerable storage costs and are depreciating in value. The vehicles were seized pursuant to federal seizure warrants and an indictment. The vehicles are in the custody of the United States Marshals Service, through a contractor, on behalf of the Federal Bureau of Investigation ("FBI"). Storage costs incurred, to date, for the subject vehicles are $40,629.37.

Defendant Andrew Chmiel and Defendant Companies agreed to forfeiture of the vehicles in their written plea agreements. (Docket Entries 78, 102). Additionally, Defendant Andrew Chmiel and Defendant Companies consented to the government's motion for a Preliminary Order of Forfeiture in their Notice of Consent. (Docket Entry 134). Subsequently, a Preliminary Order of Forfeiture as to the subject vehicles was issued and filed with this court. (Docket Entry 135).

Upon sentencing, the government anticipates that the court will order Defendant Andrew Chmiel and Defendant Companies to pay a significant amount of restitution to the victims in this case. Following the entry of a Final Order of Forfeiture, the government has the option to apply the net proceeds of forfeited assets to the outstanding restitution balance. The increasing storage fees and depreciation in value of the subject vehicles potentially reduces the amount of net proceeds available to the victims.

If the subject vehicles are not sold within approximately thirty days, additional storage costs will be incurred. In support of this motion, the government submits the following legal analysis and argument.

ANALYSIS AND ARGUMENT

Federal Rule of Criminal Procedure 32.2 provides that, "[a]t any time before entry of a final forfeiture order, the court, in accordance with Supplemental Rule G(7) of the Federal Rules of Civil Procedure, may order the interlocutory sale of property alleged to be forfeitable." Fed. R. Crim. P. 32.2(b)(7). Supplemental Rule G(7) specifically provides as follows:

> On motion by a party or a person having custody of the property, the court may order all or part of the property sold if . . . (A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action; (B) the expense of keeping the property is excessive or is disproportionate to its fair market value; (C) the property is subject to a mortgage or to taxes on which the owner is in default; or (D) the court finds other good cause.

Fed. R. Civ. P. Supp. R. G(7)(b)(i). The sale must be made by a United States agency that has authority to sell the property, by the agency's contractor, or by any person that the court designates. Rule G(7)(b)(ii). If the sale is uncontested, the parties may agree to the procedures and conditions of the sale. Rule G(7)(b)(iii).

When the sale is made, the sale proceeds will be considered a "substitute res" subject to forfeiture in place of the property that was sold. The proceeds must be held in an interest-bearing account maintained by the United States pending the conclusion of the forfeiture action. Rule G(7)(b)(iv). If, at the conclusion of the criminal case, the court orders the forfeiture of the sale proceeds, the property will be disposed of as provided by law. Rule G(7)(c).

The interlocutory sale of vehicles has been analyzed in light of the factors listed in Rule G(7)(b)(i). *See United States v. Hailey*, 2011 WL 6202787 (D. Md.

Dec. 8, 2011). Storage costs and the risk of depreciation in value are appropriate factors for the Court to consider in determining whether there is "good cause" for an interlocutory sale of vehicles. *Id.* at *1. When determining whether to grant an interlocutory sale, at least in the context of a motion to stay in a civil forfeiture case, courts may also consider other factors, including whether the sale will cause irreparable harm to individuals who have a legal or possessory interest in the property and whether the government will be harmed by denying the sale. *See United States v. 4816 Chaffey Lane*, 2012 WL 1380239, at *2 (E.D. Ky. Apr. 20, 2012).

An interlocutory sale preserves the monetary value of the seized property. *See* Supplemental Rule G(7)(b)(iv). In *Hailey*, where property in question included 22 vehicles, the court noted:

> This case is unlikely to go to trial for several months, at the earliest. If the property subject to forfeiture is sold and converted to cash now, instead of at the conclusion of the trial, the risks, losses and costs that the Government would otherwise incur over the next several months will be avoided, while the value of the property will be preserved, for the benefit of both the Defendant and the Government, by depositing the sale proceeds in an interest-bearing account."

2011 WL 6202787, at *1.

Rule G(7) affords "considerable discretion" to the district court when deciding whether to order an interlocutory sale. *United States v. Approx. 81,454 Cans of Baby Formula*, 560 F.3d 638, 641 (7th Cir. 2009). A district court's discretion includes "broad power to protect the *Government's interest* in property that is subject to criminal forfeiture." *United States v. Peterson*, 2010 WL 2331990

at *2 (S.D.N.Y. June 9, 2010) (emphasis added). Here, Defendant Andrew Chmiel and Defendant Companies agreed to the forfeiture of the subject vehicles in their written plea agreements. Additionally, Defendant Andrew Chmiel and Defendant Companies consented to the government's motion for a Preliminary Order of Forfeiture in their Notice of Consent. Thus, the interlocutory sale bears little risk to the affected parties.

## CONCLUSION

In this case, under the authorities cited, this court should exercise its discretion and find good cause for the interlocutory sale in order to negate the effects of depreciation and storage costs on the value of the seized vehicles.

WHEREFORE, the government respectfully requests that this court grant its motion and issue an Order for Interlocutory Sale in the form submitted herewith.

Respectfully submitted,

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

s/Anne Hunter Young
Anne Hunter Young (Fed. I.D. #7258)
Assistant United States Attorney
United States Attorney's Office
1441 Main Street, Suite 500
Columbia, South Carolina 29201
Telephone: (803) 929-3000

May 22, 2023